IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Susan Keating | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Complete Payment Recovery Services, Inc | ) | |
| 3500 5th Street | ) | |
| Northport, AL 35476 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorney, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Susan Keating, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Telecheck Services, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").
2. The FDCPA broadly prohibits any overshadowing and/or misleading language that takes away from the meaning or intent of 15 U.S.C. Section 1692g.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff, Susan Keating (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
6. Plaintiff is a resident of the State of Illinois.
7. Defendant, Complete Payment Recovery Services, Inc. ("Defendant"), is a Florida business entity with an address of 3500 Fifth Street, Northport, AL 35476 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
8. Unless otherwise stated herein, the term "Defendant" shall refer to Complete Payment Recovery Services, Inc.
9. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

10. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $585.00 (the "Debt") to an original creditor (the "Creditor")
11. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
13. On November 14, 2016, Defendant mailed Plaintiff an initial collection letter. See Exhibit A.
14. Said letter stated "[C]urrently, this check is being reported in a national check verification database, as authorized by our client. Many merchants use check verification at the point of purchase before accepting your personal check. Therefore, your check writing privileges may be denied until it is paid." See Exhibit A.
15. On the bottom of this letter is the required disclosures set forth in 15 U.S.C. Section 1692g. See Exhibit A.

16. Then, less than thirty days later, on December 9, 2016, Plaintiff sent a second collection letter for the same debt. See Exhibit B.
17. This second notice stated "[W]e are proceeding with collection efforts because of your repeated failure to resolve this matter." See Exhibit B.
18. In the next paragraph, said letter states "[Y]our ability to pay by check or open an account has already been suspended at thousands of stores, banks and businesses nationwide. To resolve this matter, remit payment for the Total Amount Due of $585.00." See Exhibit B.

### Applicable Case Law

19. The Seventh Circuit has held that 1692g be interpreted in a way that "the debt collector may not defeat the statutes purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." See *Bartlett vs. Heibl*, 128 F.3rd 497, (7th Cir. 1997).
20. Furthermore, "the implied duty to avoid confusing the unsophisticated consumer can be violated by contradicting or "overshadowing" the required notice." *Chauncy vs. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997).
21. Recently, the Northern District of Illinois recently reviewed this same issue in *Velazquez vs. Fair Collection & Outsourcing, Inc.*, (12-04209)(N.D. Ill., 2013).
22. In said case, the Court denied a Motion to Dismiss under Federal Rule 12b(6) stating a subsequent letter within the thirty of the original letter- without either the 1692g(a) language or any reference to it-could overshadow the 1692g requirements.
23. Here, Plaintiff's financial life is on hold unless and until he pays this; the Defendant's letter makes clear.
24. This letter overshadowed and/or confused Plaintiff regarding his rights under 1692g.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
26. The Defendants' conduct violated 15 U.S.C. Section 1692g in that the letter overshadowed Plaintiff's rights under this Section.
27. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff